IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WANELEY WRAY BROWN,
    Petitioner

    v.

LORETTA LYNCH, *et al.*,
    Respondents

3:15-cv-1680

(Judge Mariani)

## MEMORANDUM

Petitioner, Waneley Wray Brown, a native and citizen of Jamaica, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). Petitioner affirmatively states that he only seeks monetary relief. (*Id.*). Petitioner is currently confined at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. (*Id.*). For the following reasons, the petition will be dismissed.

### I. **Standard of Review - Screening**

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or

where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## II. Discussion

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Santos v. Ebbert*, 2010 WL 5018954, *2 (M.D. Pa. 2010) (Nealon, J.). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

Petitioner states that he has been in ICE custody since November 26, 2014. (Doc. 1 at 2). On March 23, 2015, Petitioner was ordered removed. (*Id.*). Petitioner thereafter filed an appeal to the Board of Immigration Appeals, and the case was remanded on August 14, 2015. (*Id.*). On August 28, 2015, Petitioner filed the instant "petition for writ of habeas corpus for monetary relief pursuant to 28 U.S.C. § 2241" based on his alleged illegal detention. (*Id.*). He requests that the Court "compensate Petitioner's wrongful and unlawful detention by Respondents." (*Id.* at 1). Specifically, Petitioner seeks compensation in the amount of $200,000 per day from November 26, 2014 to present. (*Id.* at 5-6).

Monetary damages are not available to Petitioner by means of a habeas corpus

action, which is a challenge to the very fact or duration of physical imprisonment and which involves relief in the form of the immediate release or a speedier release from that imprisonment. *See Preiser*, 411 U.S. 475; *Marine v. Quintana*, 347 Fed. App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action). Petitioner does not seek release from prison, nor does he seek to be released sooner from prison. Rather, he only seeks monetary relief. However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), and Petitioner does not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, the instant habeas petition will be dismissed.

Monetary damages for illegal confinement are more appropriately brought by means of a civil rights action. Even if the Court were to consider Petitioner's petition as a civil rights claim, it would be subject to dismissal as it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, (1994). In *Heck*, the United States Supreme Court held that where a judgment in favor of a plaintiff would necessarily implicate the invalidity of the conviction or the length of sentence, a cause of action under 42 U.S.C. § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Thus, Petitioner has no civil cause of action for monetary damages unless and until the conviction or sentence he is challenging is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.* Petitioner cannot obtain damages for a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid.

III. **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed. A separate order shall issue.

Date: October 5, 2015

Robert D. Mariani
United States District Judge